UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YEOSHUA SORIAS and ZILICON
ACCESSORIES LLC,

        Plaintiffs,

        -against-

NATIONAL CELLULAR USA, INC., MARK
GROSSMAN, ZEEV GROSSMAN, DAVID
GROSSMAN, YISHAI Z. PLINER, LLOYD
GLADSTONE, PRONG, LLC, and JOHN DOES
1-10,

        Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-CV-2897 (WFK) (SMG)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUN 15 2015 ★
BROOKLYN OFFICE

**WILLIAM F. KUNTZ, II, United States District Judge:**

        This is a patent infringement case regarding various designs for phone chargers that can be attached to the back of cell phones. Plaintiffs Yeoshua Sorias and Zilicon Accessories LLC ("Plaintiffs") bring claims of (1) patent infringement, and (2) violation of trade secrets and unfair competition against Defendants Yishai Z. Pliner, Lloyd Gladstone, and Prong, LLC (collectively, "the Prong Defendants") as well as claims of (1) patent infringement, (2) breach of contract, (3) rescission of license agreement, and (4) violation of trade secrets and unfair competition against Defendants National Cellular USA, Inc., Mark Grossman, Zeev Grossman, and David Grossman (collectively, "the NC Defendants"). Dkt. 89 ("Fourth Am. Compl."). On May 29, 2015, the Prong Defendants filed a motion for summary judgment of unenforceability of one of the patents-in-suit due to inequitable conduct by Plaintiff Sorias in receiving approval of the patent. Dkt. 92 ("Mot."). For the following reasons, the Prong Defendants' motion for summary judgment of unenforceability is DENIED.

## BACKGROUND

        The following facts are either undisputed or described in the light most favorable to Plaintiffs, the non-moving party. *See Capobianco v. City of New York*, 422 F.3d 47, 50 n.1 (2d Cir. 2005).

1

**Factual Background and Procedural Background**

Plaintiff Sorias and patent prosecution attorney Max Moskowitz (the "Applicants") were co-applicants of U.S. Patent 8,712,486 ("the '486 Patent"). Dkt. 93-4 ("Sorias Decl.") at ¶ 3. Plaintiff Zilicon Accessories LLC has an exclusive license to the invention protected by the '486 Patent. *Id.* at ¶ 4. The '486 Patent describes "a phone charger integrated onto [a cell] phone and having prongs foldable into the charger." Mot. at 3. To obtain the '486 Patent, the Applicants submitted U.S. Patent Application Serial Number 13/348,066 ("'066 Application") to the United States Patent and Trademark Office ("USPTO"). *Id.*

In claim 4 of the '066 Application, the Applicants requested issuance of the cell phone charger of claim 1, "wherein . . . the thickness dimension is less than 12 mm." Dkt. 92-3 ("Patent") at col. 9 ln. 44-49.

On September 14, 2013, the patent examiner issued a "Non-Final Rejection" of pending claim 4 as a result of a prior art, U.S. Patent 5,838,554 by Lanni ("Lanni"). Dkt. 93-1 ("P's 56.1 Stmt") at ¶ 1; *See* Dkt. 92-5 ("Patent Application") at PRONG000136, PRONG000137. The patent examiner found that Lanni disclosed a similar cell phone charger with a thickness dimension of less than 12 mm and accordingly rejected claim 4. *See* Patent Application at PRONG000140.

In a response to the patent examiner's non-final rejection, the Applicants explained that Lanni did not disclose a charger with a thickness dimension of less than 12 mm. Specifically, first in a December 3, 2013 memorandum submitted to the USPTO as a written agenda for the Applicants' telephone interview and then in a written statement submitted following the telephone interview, Applicants wrote "since the width dimension of conventional AC prongs is approximately 10 mm, and a housing is also provided around the prongs, implementing the

embodiment in Lanni . . . at under 12 mm is *impossible*." *Id.* at PRONG000173-74 (emphasis in original); PRONG000186 (same). Applicants also noted, following their telephone interview with the patent examiner, that "the [e]xaminer stated the foregoing point will be carefully reviewed by the [e]xaminer again." *Id.* at PRONG000186. The patent examiner ultimately approved that provision of claim 4, noting "none of the prior art discloses the features as claimed a mobile device charger [where] . . . the thickness dimension is less than 12 mm." *Id.* at PRONG000207.

On April 29, 2014, the '486 Patent was issued to Plaintiff Sorias and his co-applicant. *Id.* at PRONG000226. It was later licensed to Plaintiff Zilicon Accessories LLC. Sorias Decl. at ¶ 4.

On April 10, 2015, Plaintiffs filed their fourth amended complaint in this action, alleging, *inter alia*, claims of patent infringement and violation of trade secrets and unfair competition against the Prong Defendants. Fourth Am. Compl. On May 29, 2015, the Prong Defendants filed a motion for summary judgment of unenforceability of the '486 Patent. Mot.; Dkt. 94 ("Reply"). For the reasons set forth below, the Court the Prong Defendants' motion for summary judgment is DENIED.

## DISCUSSION

### I. Legal Standard

A court appropriately grants summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). No genuine issue of material fact exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001) (quoting *Matsushita Electric Indus. Co. v.*

3

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The moving party must meet its burden by pointing to evidence in the record, including depositions, documents, affidavits, or other materials which demonstrate the absence of a genuine issue of material fact. *See* Fed. R. Civ. P. 56(c)(1)(A), (2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "In determining whether summary judgment is appropriate, [the] Court will construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks and citations omitted). The role of the district court is not to weigh the evidence and determine the truth of the matter, but rather to perform "the threshold inquiry of whether there is the need for a trial[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

If the moving party fulfills its preliminary burden, the burden shifts to the non-movant to raise the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1). Statements devoid of specifics and evidence that is merely colorable are insufficient to defeat a properly supported motion for summary judgment. *See Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999); *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998). "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v. Cnty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008) (citing *Guilbert v. Gardner*, 480 F.3d 140, 145 (2d Cir. 2007)).

## II. Analysis

The Prong Defendants argue the '486 Patent is unenforceable due to inequitable conduct because Plaintiffs' statement that the width of conventional AC prongs is approximately 10 mm was material and intentionally false. Mot. at 14-18.

"Inequitable conduct by the patent applicant is a defense to a claim of patent infringement." *Avocent Redmond Corp. v. Raritan Ams., Inc.*, 921 F. Supp. 2d 229, 242 (S.D.N.Y. 2013) (Castel, J.) (citing *Therasense, Inc. v. Bectin, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011) (en banc)). Indeed, "inequitable conduct regarding any single claim render[s] the entire patent unenforceable." *Therasense*, 649 F.3d at 1288. "If patent rights were secured by the inequitable conduct of the patent applicant, or any person substantively involved in the prosecution, enforcement of the entire patent is barred." *Avocent*, 921 F. Supp. 2d at 242-243 (citing *Therasense*, 649 F.3d at 1288). "Due to its far-reaching consequences, a finding of inequitable conduct is the atomic bomb of patent law." *Medisim Ltd. v. BestMed LLC*, 910 F. Supp. 2d 591, 610-611 (S.D.N.Y. 2012) (Scheindlin, J.) (internal quotation marks and citation omitted).

"Violation of the duty of candor constitutes inequitable conduct." *Avocent*, 921 F. Supp. 2d at 242. This duty is codified in 37 C.F.R. § 1.56(a), which states:

> Each individual associated with the filing and prosecution of a patent application has a duty of candor and food faith in dealing with the [USPTO], which includes a duty to disclose to the [USPTO] all information known to that individual to be material to patentability[.]

37 C.F.R. § 1.56(a). Accordingly, "[i]f an individual who is substantively involved in the preparation or prosecution of an application fails to comply with his duty of candor, then . . . the applicant's patent is held unenforceable." *Avid Identification Sys., Inc. v. Crystal Import Corp.*, 603 F.3d 967, 973 (Fed. Cir. 2010) (internal citation omitted).

To determine whether the duty of candor was violated, a court must engage in the three-element inequitable conduct inquiry. *See id.* at 976-77. "To prove that a failure to disclose [] is inequitable conduct, the alleged infringer must show, by clear and convincing evidence, that the applicant knew of the [material information], knew it was material, and made a deliberate

decision to withhold [or misrepresent] it." *Avocent*, 921 F. Supp. 2d at 243 (internal quotation marks omitted) (citing *Therasense*, 649 F.3d at 1290). "Intent and materiality are separate requirements." *Worldwide Home Prods., Inc. v. Bed, Bath & Beyond, Inc.*, 11-CV-3633, 2015 WL 568710 at *8 (S.D.N.Y. Feb. 11, 2015) (Taylor Swain, J.) (internal quotation marks and citation omitted). "Moreover, intent cannot be inferred solely from materiality." *Cognex Corp. v. Microscan Sys., Inc.*, 990 F. Supp. 2d 408, 418 (S.D.N.Y. 2013) (Rakoff, J.) (internal quotation marks and citation omitted). Further, intent must be shown by clear and convincing evidence, while materiality must be shown by a preponderance of the evidence. *Avocent*, 921 F. Supp. 2d at 243 (internal citation omitted).

To satisfy the materiality requirement, "the alleged infringer must show, by a preponderance of the evidence, that the USPTO would not have issued [the challenged patent claim] had it been aware of the undisclosed [or misrepresented material information.]" *Avocent*, 921 F. Supp. 2d at 243 (citation omitted). This is commonly referred to as the but-for materiality standard. *Id.* "Affirmative acts of egregious misconduct, such as the filing of an unmistakably false affidavit, [] meet the materiality requirement." *Id.* (internal quotation marks and citation omitted).

"To satisfy the intent requirement, the patent application must have misrepresented or omitted material information with the specific intent to deceive the USPTO." *Id.* (internal citation omitted). When the inequitable conduct alleged is "an omission, the applicant must have made a deliberate decision to withhold a known material reference." *Id.* (citation omitted). "Because direct evidence of deceptive intent is rare, a district court may infer intent from indirect and circumstantial evidence on a motion for summary judgment." *Worldwide Home Prods., Inc.*, 2015 WL 568710 at *10 (internal citation marks and quotation omitted). "When relying on

6

circumstantial evidence, the accused infringer must demonstrate that intent to deceive is the single most reasonable inference to be drawn from the evidence." *Avocent*, 921 F. Supp. 2d at 243 (internal quotation marks and citation omitted). Put another way, the evidence "must be sufficient to *require* a finding of deceitful intent in the light of all the circumstances." *Therasense*, 649 F.3d at 1290 (citations omitted) (emphasis in original). Accordingly, "when there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found." *Id.* at 1290-91.

Here, the Court concludes the Prong Defendants have not met their burden of proving by clear and convincing evidence that Plaintiff Sorias and his co-applicant acted with the intent to deceive the USPTO. The Prong Defendants state that "the actual width dimensions of conventional AC prongs must be between 6.096 mm and 6.604 mm, as set in the standard published by the National Electronic Manufacturers Association." Mot. at 14. Therefore, they argue the Applicants' "categorical" statement that the width of conventional AC prongs is 10 mm must have been made with the intent to deceive the USPTO. *Id.* at 14, 16-17. Plaintiff Sorias, however, explains in his affidavit and declaration that the Applicants determined the 10 mm length by measuring an AC plug and the plug's base with a standard straight ruler in his co-applicant's office. Sorias Decl. at ¶¶ 12-13. Even if Plaintiffs' measurements were incorrect because they measured the AC plug rather than just the AC prongs, the mere fact that Plaintiffs made an incorrect measurement and therefore an incorrect statement does not imply intent to deceive.

The Prong Defendants have not provided clear and convincing evidence showing Plaintiffs deliberately lied to the USPTO about the measurements of the AC prongs, especially given the ease with which the patent examiner could have verified Plaintiffs' statement. Instead,

7

the evidence permits a reasonable inference that Plaintiffs had a good-faith belief in the truthfulness of their statement that the AC prongs measure approximately 10 mm, which is incompatible with a finding of intent to deceive. As the Federal Circuit explained in *Therasense*, "when there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found." 649 F.3d at 1290-91. As the inequitable conduct inquiry requires proof of both materiality and intent, "[t]he Court need not and does not consider the materiality of the [statement at issue]." *Avocent*, 921 F. Supp. 2d at 243. Accordingly, the Prong Defendants' motion for summary judgment is DENIED.

## CONCLUSION

For the reasons stated herein, the Prong Defendants' motion for summary judgment of unenforceability of the '486 Patent is DENIED.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: June /J , 2015
Brooklyn, New York